# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAKISIA DAVIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| **COCA-COLA BOTTLING** | ) JURY DEMAND |
| **COMPANY UNITED, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I.   JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(a)(4).  This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.  Plaintiff invokes the jurisdiction of this Court to secure protection for and to redress the deprivation of rights secured by Title VII and Section 1981, seeking injunctive and other relief against race discrimination in employment.

### II.   PARTIES

2. Plaintiff, Lakisia Davis, ("Davis" or "Plaintiff") is a female citizen of the United States and a resident of Jefferson County, Alabama.  At all times relevant to this action, Plaintiff was an employee of Defendant, Coca-Cola Bottling Company United, Inc. within the meaning of Title VII and Section 1981.

3. Defendant, Coca-Cola Bottling Company United, Inc., ("Coke United" or "Defendant"), is an Alabama limited liability company doing business within the state of Alabama with offices located in this judicial district. Defendant employs at least fifteen (15) employees and at all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of Title VII and Section 1981.

### III.   ADMINISTRATIVE PROCEDURES

4. Plaintiff hereby adopts and realleges paragraphs 1 through 4 as if fully set forth herein.

5. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by her employer Coke United.

6. On November 16, 2017, within 180 days of the last act of discrimination, Davis, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on August 24, 2018, and Plaintiff filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.

8. Plaintiff meets all administrative prerequisites for filing suit on her Title VII claim and timely brings this action.

9. Plaintiff has no administrative prerequisites for any claim under 42

U.S.C. § 1981 and is entitled to bring this action.

## IV.   FACTS

10. Plaintiff hereby adopts and realleges paragraphs 1 through 10 as if fully set forth herein.

11. Plaintiff, Lakisia Davis, is an African American female.

12. Plaintiff began working for Defendant on or about March 14, 2016, as a Quality Lab Technician.

13. On or about September 25, 2017, Plaintiff moved into the position of Risk Management Coordinator. In this position, Plaintiff primarily acted as a floater between multiple positions within the department.

14. Prior to her discharge, Plaintiff had been advised by fellow employees that her supervisor Ms. Cobb, a white female, was making disparaging remarks regarding Plaintiff's job performance to other employees.

15. Plaintiff had never received negative performance feedback while employed as a Risk Management Coordinator until her termination.

16. On or about November 2, 2017, Plaintiff met with Ms. Cobb to discuss the negative comments. Specifically, Plaintiff told Ms. Cobb that she was not being used as a floater. Plaintiff also provided Ms. Cobb with the example of another white employee, Tina Martin, who was employed as a Risk Management Coordinator but who was not reprimanded for getting behind on her work. In fact, Ms. Cobb directed

Plaintiff and other employees to assist Ms. Martin when she fell behind. Ms. Cobb responded that she could do as she pleased.

17. After completing a day of work on November 2, 2017, Plaintiff met with the Human Resources department where she was terminated for alleged job performance issues. Specifically, Defendant alleged that Plaintiff was behind on her work.

18. Defendant's articulated reason for terminating Plaintiff is false and/or pretext for racial discrimination. In the alternative, even if Defendant had legitimate reasons for terminating Plaintiff, Plaintiff's race remained at least a motivating factor in the termination decision.

## V.   STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### RACIAL DISCRIMINATION – TITLE VII

19. Plaintiff hereby adopts and realleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. Defendant discriminated against Plaintiff on the basis of race in the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e *et seq.*, by not allowing her the same flexibility, rights, and application of policies as Caucasian employees.

21. Plaintiff avers based on the facts set forth herein, that Defendant terminated her for allegedly getting behind on her work but did not discipline or

otherwise treat Caucasian employees the same.

22. Defendant terminated Plaintiff because of her race and otherwise subjected her to racial discrimination.

23. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, Plaintiff's race was at least a motivating factor in her termination.

24. As a consequence of Defendant's unlawful conduct, Plaintiff suffered damages, including but not limited to lost wages and benefits, embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional pain and anguish.

25. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

26. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court.

**RELIEF**

WHEREFORE, Plaintiff requests that this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII;

c. Grant Plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory relief, back pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO
## RACIAL DISCRIMINATION - § 1981

27. Plaintiff hereby adopts and realleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. Defendant discriminated against Plaintiff on the basis of race in the terms and conditions of her employment in violation of 42 U.S.C. § 1981, by not allowing her the same flexibility in schedule and application of policies as Caucasian employees.

29. Plaintiff avers based on the facts set forth herein, that Defendant terminated her for allegedly getting behind on her work but did not discipline or otherwise treat Caucasian employees the same.

30. Defendant terminated Plaintiff because of her race and otherwise subjected her to racial discrimination.

31. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, Plaintiff's race was at least a motivating factor in her termination.

32. As a consequence of Defendant's unlawful conduct, Plaintiff suffered damages, including but not limited to lost wages and benefits, embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional pain and anguish.

33. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

34. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful practices set forth herein unless enjoined by this Court.

## RELIEF

WHEREFORE, Plaintiff requests that this Court assume jurisdiction of this cause of action and award the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices, and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by § 1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's requests from violating § 1981;

c. Grant Plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory relief, back pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d. Grant Plaintiff such other, further, different, or additional relief and benefits as justice may require.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ *Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 533-1260
Email: arhea@rhealawllc.com


**DEFENDANT'S ADDRESS:**
Coca-Cola Bottling Company United, Inc.
4600 East Lake Blvd.
Birmingham, AL 35217